In the Matter of YALE EXPRESS SYS-TEM, INC. and Subsidiaries, Debtors.

SEMEL GOLDMAN, INC., Appellant,

v.

F. Ralph NOGG, as Trustee of Yale Express System, Inc. and Subsidiaries, Appellee.

No. 617, Docket 35690.

United States Court of Appeals, Second Circuit.

Argued Jan. 28, 1971.

Decided Feb. 5, 1971.

William R. Glendon, New York City (Royall, Koegel & Wells, William J. O'Brien, II, Thomas C. Morrison, New York City, on the brief), for appellee.

Morris R. Henkin, Mount Vernon, N. Y. (Henkin and Henkin, Leonard M. Henkin, Mount Vernon, N. Y., on the brief), for appellant.

Before WATERMAN, MOORE and FEINBERG, Circuit Judges.

PER CURIAM:

Semel Goldman, Inc., a holder of a $3,000 claim secured by a mechanic's lien, appeals from an order of the United States District Court for the Southern District of New York, Harold R. Tyler, Jr., J., in a Chapter X proceeding. Goldman is a subcontractor which in late 1964 and early 1965 furnished materials for the construction of a terminal building for Yale Express System, Inc., now the Chapter X debtor. The materials were furnished under a contract between Goldman, Yale and Magnuson Construction Corp., the general contractor. The building was constructed on three parcels of land: one owned by Yale and the other two owned by Four Plus Corporation, the Estate of Edgar T. Appleby, and Francis S. Appleby. Of the latter two parcels, one is leased directly to Yale and the other is leased to Speedway Realty, Inc., which in turn subleases to Yale. None of the named owners or lessors, except for the debtor, is before the district court.

In the district court, Goldman sought permission to institute a foreclosure action in connection with its mechanic's lien or, in the alternative, asked that its claim be paid immediately in full or that the reorganization proceedings be dismissed. In this court, the latter requests are dropped. Goldman claims that unless it is allowed to commence its foreclosure action, it will lose whatever rights it may have against those parties not in reorganization. Goldman argues that the six-year statute contained in N.Y. CLPR § 213 expires in mid-February 1971, and accordingly it must commence suit by then. The Trustee argues, inter alia, that Goldman has invoked the wrong statute of limitations, since N.Y. Lien Law McKinney's Consol. Laws, c. 33, § 17 applies; that any statute of limitations applicable to Goldman's lien is tolled pursuant to section 261 of the Bankruptcy Act, 11 U.S.C. § 661; that under N.Y. CPLR § 204(a) Goldman is adequately protected because the commencement of its foreclosure action was stayed by paragraph 16 of the order, dated December 8, 1965, appointing a substitute trustee; and that, in any event, Judge Tyler's refusal to allow the relief sought was a proper exercise of his discretion, since the Chapter X reorganization might otherwise be frustrated.

We have carefully considered appellant's arguments and affirm the order of the reorganization court. We agree that appellant is in no danger because of the passage of time of losing its rights against either the property of the debtor or the property of the other parties to which the lien attached. Moreover, for the further protection of appellant, we specifically make clear on the record our view that Goldman's action is preserved under N.Y. CPLR § 204(a) because of the effect of the reorganization court order of December 8, 1965.

Judgment affirmed.